UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<span>ENYATTA</span> D. O'N<span>EAL</span>,

    Plaintiff,

    v.

G. M<span>INIARD</span>, et al.,

    Defendants.
_____/

Case No. 22-cv-10877

U.S. District Court Judge
Gershwin A. Drain

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

### I. I<span>NTRODUCTION</span>

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Kenyatta D. O'Neal is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. He sues eight MDOC defendants employed at the Saginaw Correctional Facility: (1) G. Miniard, (2) C. Walker, (3) J. Niemice, (4) L. Schwartz, (5) J. Bischer, (6) Mr. Chesney, (7) Unknown Control Panel Operator, and (8) Unknown Assault Reporter. Plaintiff asserts that defendants failed to protect him from being assaulted by another inmate. The Court will summarily dismiss the complaint with respect to all the Defendants except for L.

1

Schwartz due to plaintiff's failure to make factual allegations stating a claim against them. The case will proceed with respect to the one remaining Defendant.

## II. FACTUAL BACKGROUND

Plaintiff's cause of action arises out of an assault that occurred in his cell on September 15, 2021, at the Saginaw Correctional Facility. He claims that he was classified as a Security Level 2 prisoner but was nevertheless assigned to Unit-500, a Level 4 unit.

Plaintiff states that prior to the assault he heard that he was being targeted for an attack by another inmate. *See* ECF No. 1, PageID.14. He explains that a relative of one of the victims of his purported offense was also assigned to Level 4 unit at his facility, had gang ties, and was planning to assault him. *See id*. Plaintiff alleges he informed Defendant Schwartz of the specific threat and requested to be placed in a Level 2 unit. *See id.* Instead, Plaintiff was moved to Unit-600, another Level 4 unit. *Id*. While Plaintiff was sleeping in his cell in Unit-600, another Level 4 inmate snuck into his cell and stabbed him in the neck. *Id*. Plaintiff maintains that he sustained injuries requiring medical attention. *Id*.

The remainder of the Complaint concerns Plaintiff's efforts to be moved to a safer unit *after* the assault. *See generally* ECF No. 1. Specifically, he complains that the other seven Defendants failed to timely and effectively move him to a safer

2

location.  ECF No. 1, PageID.18.  The Complaint does not allege any of the other Defendants were aware of the threat before the assault occurred, although he faults them for placing him in the cell where the assault occurred.  ECF No. 1, PageID.10.  Nor does Plaintiff claim that he was assaulted again.  *See generally* ECF No. 1.  Plaintiff was eventually transferred to the Gus Harrison Correctional Facility.

### III.   LAW & ANALYSIS

**A. Standard of Review**

This case is before the Court for screening under the Prison Litigation Reform Act ("PLRA").  Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence.

Under the PLRA, the Court is required to *sua sponte* dismiss a complaint, or any portion of a complaint, by a prisoner seeking redress for prison conditions if it determines that the action or claims are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).  The Court is likewise required to screen, and summarily dismiss, the complaint of any person proceeding *in forma pauperis* if it suffers from the same defects.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

4

B. Discussion

Plaintiff alleges that defendants violated his rights under the Eighth Amendment by failing to protect him from being assaulted by another inmate.

The Eighth Amendment prohibitions on cruel and unusual punishment place a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee inmate safety. *Anderson v. Jones*, 440 F. Supp. 3d 819, 831 (S.D. Ohio 2020) (citing *Greene v. Bowles*, 361 F.3d 290, 296 (6th Cir. 2004)). To establish a failure-to-protect claim, a plaintiff must demonstrate that the defendant was deliberately indifferent to "a substantial risk" that he might suffer "serious harm." *Greene*, 361 F.3d at 294 (quoting *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). A failure-to-protect claim has both an objective and a subjective component. *Farmer*, 511 U.S. at 835-38.

To satisfy the objective component, the plaintiff must show that, absent reasonable precautions, he was exposed to a substantial risk of serious harm. *Id.* at 836. To satisfy the subjective component, the plaintiff must show that the defendant acted with deliberate indifference; that is, the plaintiff must demonstrate that the defendant was "subjectively aware of the risk," but failed "to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 829, 847). To prevail on the specific claim that a defendant failed to protect him from an

5

assault by another inmate, the plaintiff must establish: (1) the defendant had reason to believe another inmate would assault plaintiff; and (2) the defendant had both the opportunity and means to prevent the assault. *C.f., Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (failure to intervene claim in excessive force case required plaintiffs to "show that these defendants observed or had reason to know that excessive force would be or was being used and had both the opportunity and the means to prevent the harm from occurring.") (internal quotation marks omitted).

Plaintiff has stated an Eighth Amendment failure-to-protect claim against defendant Schwartz. He asserts that he informed Schwartz of a specific threat: that the relative of a victim of his crime was also in a Level 4 unit at the facility, that Plaintiff was mentioned as a target for an assault, and that he needed to be moved out of Level 4 for his safety. Plaintiff claims that instead of moving him to a Level 2 unit (which plaintiff maintains was his correct security classification), Schwartz moved him to another Level 4 unit, leaving in place the opportunity for the other prisoner to follow-through on the assault. For purposes of screening the complaint under the PLRA, the case may proceed against Defendant Schwartz.

Nevertheless, the complaint fails to state a claim against the remaining Defendants. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must

6

allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). No allegations are made in the complaint with respect to the other defendants before the assault. Plaintiff does not assert facts showing that any of the other defendants had reason to believe another inmate would assault him, or that they had both the opportunity and means to prevent the assault – the one and only assault had already occurred when Plaintiff made them aware of the danger. Accordingly, the Complaint will be dismissed with respect to Defendants G. Miniard, C. Walker, J. Niemice, J. Bischer, Mr. Chesney, Unknown Control Panel Operation, and Unknown Assault Reporter.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants G. Miniard, C. Walker, J. Niemice, J. Bischer, Mr. Chesney, Unknown Control Panel Operator, and Unknown Assault Reporter are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

The case will proceed with respect to Defendant Schwartz on Plaintiff's failure to protect claim.

7

**IT IS SO ORDERED.**

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 13, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 13, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

8